# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JULIAN RODNEY ROOKS, JR.,**

    Plaintiff,

VS.                                                                 Case No. 4:16cv39-MW/CAS

**SALLIE MAE, INC., et al,**

    Defendants,

_____/

## O R D E R

Plaintiff, proceeding pro se, initiated this case by filing a complaint, ECF No. 1, a motion for in forma pauperis status, ECF No. 3, and a motion requesting this Court preclude the assertion of a statute of limitations defense and to allow Plaintiff to submit a redacted copy of his complaint for electronic access and have the Court retain an unredacted copy. ECF No. 2. Plaintiff's motion for in forma pauperis status is not on the form used in this Court, but will be permitted to proceed. Because it does not appear that Plaintiff has funds with which to pay the filing fee for this case, the motion is granted. The Clerk shall file the complaint without requiring payment of the filing fee.

Plaintiff's second motion, ECF No. 2, cannot be granted. The Court cannot enter rulings on possible defenses in advance, without allowing a Defendant to properly present the defense. The second part of Plaintiff's motion is unclear because it is not known what Plaintiff seeks to redact. The complaint has been entered on the docket as filed, but is sealed.

Plaintiff's complaint has been reviewed. ECF No. 1. It is a typical shotgun pleading that cannot proceed as filed. Plaintiff contends that he brings this action "on behalf of the United States of America arising out of false claims approved and presented by Defendants . . . ." *Id.* at 2. It appears that the basis for the claims involve student loans obtained by Plaintiff which were defaulted. *Id.* at 7-10. Plaintiff appears to contend that the student loans were fraudulent. *Id.* at 11. Thus, he appears to claim that by submitting the defaulted, fraudulent loans to the government, the Defendants have submitted false claims to the government for payment. *Id.* at 8, 12-16. Plaintiff indicates that he also has a bankruptcy case proceeding separately from this action. *Id.* at 4.

Plaintiff lists a multitude of Defendants, but does not provide clear statement of facts indicating what each Defendant did or failed to do that

supports a claim under the False Claims Act [FCA]. No Defendant should be required to answer this complaint as filed.

Additionally, Plaintiff does not state within the complaint the relevant dates for submission of requests for payment or the date payment was made. One exhibit to his complaint, however, indicates that Plaintiff was notified by Defendant Sallie Mae Guarantee Services on August 28, 2008, that he had defaulted on his student loans. ECF No. 1 at 35. The letter of notification advised that his loan had been submitted to the guarantor for reimbursement. *Id.* Pursuant to § 3731(b), a False Claims Act complaint "may not be brought more than 6 years after the date on which the violation of section 3729 is committed, or more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances . . . ." 31 U.S.C. § 31731(b)(1). It is not clear when Plaintiff's claims arose, nor is it clear when any relevant events supporting his claims took place.

Additionally, it is not appropriate to reference exhibits or attachments for relevant facts. The relevant facts should be presented in a straight-forward manner within the complaint. The Court, nor Defendants, should

have to review a multitude of attached documents to determine relevant facts.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quotation marks and alterations omitted) (quoted in Lacroix v. W. Dist. of Kentucky, No. 14-15276, 2015 WL 5673018, at *1 (11 Cir. Sept. 28, 2015)). "Further, the allegations in the complaint 'must be simple, concise, and direct,' FED. R. CIV. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' FED. R. CIV. P. 10(b)." Lacroix, 2015 WL 5673018, at *2.

Specifically, "[t]o establish a cause of action under the [FCA], a relator must prove three elements: (1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false." United States v. R & F Props. of Lake Cnty., Inc., 433 F.3d 1349,

1355 (11th Cir. 2005) (quoted in <u>United States v. Everglades Coll., Inc.</u>, No. 12-60185-CIV, 2014 WL 5139301, at *5 (S.D. Fla. Aug. 14, 2014). Plaintiff's complaint does not provide a clear statement of facts providing the necessary three elements[1] for each named Defendant.

Plaintiff will be provided an opportunity to submit an amended complaint in compliance with Rule 8.  Plaintiff must clearly state the facts which support each claim raised against each named Defendant.  Plaintiff must provide the relevant dates on which the relevant events took place. Plaintiff must clearly state the factual allegations which support the legal conclusions of the complaint.  Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss.  <i>See</i> <u>Randall v. Scott</u>, 610 F.3d 701, 708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 687, 129 S.Ct. 1937,

---

[1] "Some courts have identified four elements underlying FCA claims: '(1) the submission of a false claim; (2) scienter; (3) the false statement must be material to the government's decision to pay out moneys to the claimant; and (4) an actual claim or call on the government fisc.'" <u>Everglades Coll., Inc.</u>, 2014 WL 5139301, at *5 (citations omitted).  Using either the "three-element or four-element iteration," leads to the same finding.  <i>Id.</i>

1954, 173 L.Ed.2d 868 (2009)). Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail. Plaintiff's amended complaint must be filed no later than **April 11, 2016**. He is advised that his amended complaint must contain all relevant allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and claims not raised in the amended complaint are deemed abandoned. N.D. Fla. Loc. R. 15.1. The amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff shall also keep an identical copy for himself.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for in forma pauperis status, ECF No. 3, is **GRANTED**.

2. Plaintiff's motion to preclude a statute of limitations defense, ECF No. 2, is **DENIED**.

3. Plaintiff must submit an amended complaint in compliance with this Order no later than **April 11, 2016**.

4.  **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

5.  The Clerk of Court shall return this file upon receipt of Plaintiff's amended complaint or no later than April 11, 2016.

**DONE AND ORDERED** on March 10, 2016.

s/   Charles A. Stampelos<br>
**CHARLES A. STAMPELOS**<br>
**UNITED STATES MAGISTRATE JUDGE**